**E-FILED on     11/9/12**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THAO PHAM<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLACE FINANCIAL, LLC,<br><br>　　　　Defendant. | No. 12-C-02413 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket No. 15]** |

　　Plaintiff Thao N. Pham ("Pham" or "plaintiff") sued defendant Solace Financial, LLC ("Solace" or "defendant"), who purports to be an agency that collects on Bank of America credit accounts, for "repeatedly obtaining [p]laintiff's consumer report without a permissible purpose" in violation of the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681b(f). Solace now moves for summary judgment. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court grants Solace's motion for summary judgment.

## I. BACKGROUND

　　In December 2004, plaintiff apparently sought and obtained a line of credit from Bank of America. The loan agreements plaintiff signed as part of this transaction included the term: "You [borrower] also agree we may obtain credit reports on you at any time, at our sole option and

United States District Court
For the Northern District of California

expense, for any reason, including but not limited to determining whether there has been an adverse change in your financial condition." Dkt. No. 15-1 (Levy Decl.), Ex. B at 9.

In October 2007, plaintiff applied to Bank of America for an increase in his equity line. *Id.* at 13-14. Bank of America approved plaintiff's credit application, thereby increasing plaintiff's line of credit from $120,000 to $291,000. *Id.* The agreement plaintiff signed as part of this home equity line of credit modification provided:

> The Bank will obtain a consumer credit report at the time of application and may also do so for updates, renewals, extensions, and collection activity on an approved account. At your request, the Bank will tell you whether we obtained a report, and if so, the name and address of the consumer reporting agency that provided it. You agree that the Bank can obtain any credit, employment, and income information about you, can keep this application and supporting information, and if the application is approved, you will abide by the agreement for the account.

*Id.* at 42.

Defendant Solace is a debt collection company that works for lenders in the home mortgage industry, acting as a liaison between lenders and borrowers. Levy Decl. ¶ 2. Defendant claims that it acts as a collection agent for Bank of America, and "has entered into a collection agreement with Bank of America whereby it is authorized to handle the Bank's collection efforts, and to negotiate settlement on the Bank's behalf." *Id.* ¶¶ 4-5.

At some point after November 2007, plaintiff's account with Bank of America became overdue. *Id.* ¶ 5. Defendant claims that later, in January 2012, it received plaintiff's account from Bank of America and began collection efforts on it. *Id.* ¶ 6. Defendant then negotiated a tentative settlement of the account with plaintiff. *Id.* Defendant avers that, after it sent the proposed settlement terms to Bank of America for consideration, plaintiff sent defendant a cease and desist letter and several requests for loan documents pursuant to FDCPA and other causes of action. *Id.* Plaintiff then brought suit on May 11, 2012. Dkt. No. 1.

## I. DISCUSSION

Plaintiff argues that defendant obtained his credit report with no permissible purpose, in violation of FCRA. FCRA establishes a private right of action against any party who obtains a consumer's credit report without a "permissible purpose." 15 U.S.C. §§ 168lb(a), 1681b(f), 1681n(a), 1681o(a). Defendant argues that it pulled plaintiff's report "[i]n accordance with the

written instructions of the consumer to whom [the report] relates" *and* "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer," each of which is a permissible purpose under FCRA. 15 U.S.C. § 1681b(a)(2), (a)(3)(A).

      Plaintiff does not dispute that he voluntarily entered into the loan agreements with Bank of America or that those loans expressly authorize Bank of America to obtain his credit report. Neither does plaintiff dispute that debt collection is a permissible purpose for pulling a credit report so long as the consumer voluntarily initiated the underlying transaction that created the debt. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 675 (9th Cir. 2010). Additionally, defendant argues that, because it acted as Bank of America's agent, it acted permissibly. The court agrees that an agent acts with its principal's permissible purpose in this context. *See, e.g.*, *Weidman v. Fed. Home Loan Mortg. Corp.*, 338 F. Supp. 2d 571, 577 (E.D. Pa. 2004) (finding that an entity that "request[s] credit reports on behalf of a contracting lender ... acts as an agent of that lender"). For these reasons, the court considers only whether defendant has shown that its status as Bank of America's agent is not in genuine dispute. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986).

      As an FCRA claimant, plaintiff bears the burden of proving that defendant acted without a permissible purpose (in this case, by showing that defendant was not Bank of America's agent). *Korotki v. Attorney Servs. Corp. Inc.*, 931 F. Supp. 1269, 1276 (D. Md. 1996) *aff'd sub nom. Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997); 15 U.S.C. § 1681b. Therefore, as summary judgment movant, defendant "may meet its burden by establishing the absence of a genuine dispute or submitting affirmative evidence that disproves an essential element of the claim." Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 8 158-60 (1970).

      To this end, defendant has provided the declaration of James R. Levy, a Solace collection manager, as evidence of defendant's status as agent of Bank America. Levy Decl. The Levy declaration states that "Solace acts as a collection agent for Bank of America" and details the "agreement with Bank of America whereby Solace is authorized to handle collection of the Bank's accounts . . . ." *Id.* ¶ 4. The declaration also provides that Levy "personally [oversaw] the collection efforts . . . on Dr. Pham's . . . Bank of America account." *Id.* In addition, defendant has provided a

copy of a letter allegedly sent by Kyra Aldredge, a Bank of America operations analyst, to plaintiff, confirming that defendant "is handling [plaintiff's] account for Bank of America to collect on its home equity loans and lines of credit." Dkt. No. 15, Ex. E.

Plaintiff has moved to strike the Levy declaration, arguing that Levy, as a Solace employee, did not have personal knowledge of the Bank of America business records he describes. However, plaintiff does not identify the offending portions of the declaration, and Mr. Levy appears to have personal knowledge of the subject matter of the declaration, including his own job description and daily responsibilities. *See* Levy Decl. Therefore, the court denies plaintiff's motion to strike the Levy declaration.

Some question also exists as to the admissibility of the Aldredge letter at trial, and whether the letter itself could discharge defendant's summary judgment burden.[1] However, evidence need not be admissible in order to form the basis of a summary judgment order: "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . showing that . . . an adverse party *cannot* produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c) (emphasis added). Plaintiff has not shown that defendant would have difficulty producing an admissible form of the Aldredge letter or its equivalent. Therefore, the court finds that defendant has made out a prima facie case that it acted as Bank of America's agent (and thus permissibly) when it obtained plaintiff's credit report, and plaintiff has as yet failed to produce evidence putting that fact into genuine dispute.

Plaintiff argues that defendant's recalcitrance has prevented him from obtaining discovery necessary to support his contention that defendant lacked authority to pull his credit report. Federal Rule of Civil Procedure 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. Fed. R. Civ. P. 56(d) (requiring party making such

---

[1] Plaintiff made this argument in correspondence with defendant, though not in his response to this court. *See* Dkt. No. 15 Ex. F ("The copy of the letter you provided is an unofficial document and is not admissible in the Federal Court."). However, plaintiff's response does question defendant's evidence generally, and in light of defendant's pro se status the court considers the argument here. Additionally, the court must look at defendant-movant's arguments in deciding whether movant has met its initial summary judgment burden of making out a prima facie case that one or more elements has not been met as a matter of law.

request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). A Rule 56(d) affidavit must also identify "some basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009). Plaintiff has not made a formal Rule 56(d) request. Even assuming plaintiff did sufficiently state a Rule 56(d) request as a pro se litigant, plaintiff has failed, in both his opposition and at oral argument, to articulate any facts that he could obtain that would preclude summary judgment. Therefore, the court grants defendant's summary judgment motion

### III. ORDER

For the foregoing reasons, the court grants summary judgment for defendant on all counts.

DATED: November 9, 2012

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge